**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GRAZYNA GREZAK,<br><br>　　　　　　　　Plaintiff<br>　v.<br><br>ROPES & GRAY, LLP, et al.,<br><br>　　　　　　　　Defendants. | CIVIL ACTION NO. 3:15-CV-02111<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

## **MEMORANDUM**

Pending before the Court is *pro se* Plaintiff Grazyna S. Grezak's second amended complaint seeking damages against various Defendants for alleged violations under federal and state law. (Doc. 22). In the instant pleading, Grezak brings claims against the following individuals and organizations: the law firm of Ropes & Gray, LLP ("R&G"), and its attorneys Beth Finkelstein, Meera Nair, and Matthew Shapiro (collectively, the "R&G Defendants"); attorney Darius Marzec; attorney Gregg Weinstock and his firm, Garbarini & Scher, P.C. ("G&S"); and Legal Services Corporation ("LSC"). (Doc. 22, at 1). Also pending before this Court is Grezak's motion to supplement her second amended complaint to add additional claims against existing Defendants based in part on alleged events that have transpired since she submitted the current operative pleading. (Doc. 24). For the reasons stated herein, the Court will *sua sponte* dismiss certain claims in the instant pleading without prejudice due to various deficiencies, but will direct Grezak to file a comprehensive third amended complaint that includes the factual averments and claims mentioned in her motion to supplement.

I.  **BACKGROUND**

On November 3, 2015, Grezak filed the original complaint in this matter (Doc. 1), along with a motion to proceed *in forma pauperis* (Doc. 2). Grezak filed an amended complaint as a matter of course pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure on December 4, 2015. (Doc. 6). Later that month, the case was voluntarily dismissed at Grezak's request while she tended to health concerns. (Doc. 8). Grezak moved to have the case reopened in May of 2016 (Doc. 10), which the Court granted (Doc. 11). Grezak then sought and was granted leave to amend her pleading once more. (Doc. 12; Doc. 13). On August 12, 2016, Grezak filed the instant pleading, her second amended complaint. (Doc. 22). A week later, Grezak filed her motion to supplement. (Doc. 24).

The facts that form the basis for Grezak's claims stem from ongoing litigation Grezak initiated against her daughter and her daughter's mental healthcare providers in New York's state and federal courts that involved all of the parties named as Defendants to this action.[1] Specifically, the R&G Defendants served as counsel for Grezak's daughter; LSC helped arrange for the R&G Defendants to represent Grezak's daughter; attorney Marzec initially served as Grezak's counsel before withwdrawing by mutual consent; and

---

[1] Grezak's filings in this case provide some background information regarding these litigation efforts, but other details are omitted. In addition to her pleadings in this case, the Court also considers the judicial opinions and orders entered in the other state and federal proceedings involving Grezak. *See generally Grezak v. Grezak*, No. 15-2490-CV, 2016 WL 6561479 (2d Cir. Nov. 4, 2016); *Grezak v. Marzec Law Firm*, No. 3:15-CV-02368, 2015 WL 9268444, at *1 (M.D. Pa. Dec. 21, 2015); *Sklodowska-Grezak v. Stein*, No. 15-CV-1670 (JGK), 2015 WL 9413882 (S.D.N.Y. Dec. 22, 2015); *Grezak v. Grezak,* No. 12 CV 4520 RJD CLP, 2014 WL 4966140 (E.D.N.Y. Sept. 30, 2014). These are all matters of public record of which the Court may properly take judicial notice in ruling on a motion to dismiss. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

attorney Weinstock of G&S represented two of the mental health professionals that Grezak sued. See *Sklodowska-Grezak v. Stein*, No. 15-CV-1670 (JGK), 2015 WL 9413882 (S.D.N.Y. Dec. 22, 2015); *Grezak v. Grezak,* No. 12 CV 4520 RJD CLP, 2014 WL 4966140 (E.D.N.Y. Sept. 30, 2014). District Judge Dearie of the United States District Court for the Eastern District of New York described much of the factual and procedural background of those proceedings as follows:

> After failed family court proceedings, plaintiff Grazyna Sklodowska Grezak filed this action on September 10, 2012, against: (1) defendant Evelina Grezak, her daughter, seeking monetary damages for defendant's alleged fraud and conversion; and (2) defendant Dr. Nancy Rubenstein, her daughter's treating psychiatrist, seeking monetary damages for, inter alia, libel and defamation. The Court granted Dr. Rubenstein's motion to dismiss on September 30, 2014. Plaintiff's claims against her daughter, for opening of credit cards in her name and stealing family heirlooms, survived. However, the validity of the claims aside, it quickly became clear that the true issue in this case was the embittered estrangement between plaintiff and her daughter.
>
> As the case bore on, plaintiff's relationship with her attorney, Darius Marzec, also soured. On November 12, 2014, plaintiff filed a letter motion seeking to disqualify Mr. Marzec as her attorney. And on December 30, 2014, Mr. Marzec renewed his earlier motion to withdraw as plaintiff's attorney. Accordingly, on December 31, 2014, [United States Magistrate] Judge Pollak granted Mr. Marzec's request to withdraw and plaintiffs request to disqualify him as her attorney.
>
> Now proceeding *pro se*, over the next five and a half months plaintiff filed a stream of motions, requests, and diatribes. Included among these filings were multiple motions for sanctions and injunctions against (1) the defendant, (2) defense attorney Beth Finkelstein, and (3) plaintiffs former attorney, Mr. Marzec, based on plaintiffs belief that these parties were acting independently and together to threaten plaintiff and lie to the Court, thereby preventing plaintiff from prevailing in her case. Plaintiff also objected to Mr. Marzec's efforts to collect unpaid fees and claimed he was keeping court and medical documents from her.
>
> Judge Pollak advised plaintiff on March 24, 2015, that the Court would address her motions in a forthcoming order but, "until then, plaintiff is directed to cease filing duplicative motions in this case." As the docket demonstrates, plaintiff was undeterred.

On May 15, 2015, in an attempt to resolve the many pending motions in this case, Judge Pollak brought plaintiff and Ms. Finkelstein into her chambers for a conference. A few moments into the conference, plaintiff asked to make a statement through her Polish interpreter, telling Judge Pollak, "I really don't want to continue this case anymore and I would like to put an end to it," and articulating her terms for doing so.

. . .

Finally, prior to signing the stipulation of dismissal, plaintiff asked Judge Pollak what would happen to her pending motions for sanctions and injunctions against defendant, Ms. Finkelstein, and Mr. Marzec. Judge Pollak responded, "I will take a look at whatever you filed and we'll get something out on that shortly, okay?" Plaintiff thanked Judge Pollak and signed the stipulation.

Later that same day, Judge Pollak issued two post-settlement orders, addressing plaintiffs remaining motions. In the first order, the Sanction Motions Order, Judge Pollak (1) denied plaintiffs motions against defendant and Ms. Finkelstein as moot; (2) denied plaintiffs motions against Mr. Marzec as moot; and (3) granted in part and denied in part plaintiffs motions to restrict certain docket entries to "case participants only." Judge Pollak also found that any issues regarding Mr. Marzec's fee collection efforts were not properly before the Court but directed Mr. Marzec to return to plaintiff any papers pertaining to this action not yet provided.

In the second order, the Leave-to-File Order, Judge Pollak instructed that "[p]laintiff must obtain prior approval from [Judge Pollak] prior to: (1) filing any civil action in the Eastern District ofNew York against defendant; or (2) making any filings in the instant case ... alleging that the settlement agreement has been breached."

Seventeen days later, on June 1, 2015, plaintiff moved for reconsideration or reargument of the Sanction Motions Order and the Leave-to-File Order under FRCP 60(b), arguing, inter alia, that (1) she had new evidence to support her motions for sanctions and injunctions against defendant, Ms. Finkelstein, and Mr. Marzec, and (2) the Court did not follow the necessary procedures for instituting a leave-to-file requirement. . . .

A few days later, on June 19, 2015, plaintiff requested permission to file a reply to defendant's opposition to her motion for reconsideration and accused Ms. Finkelstein of criminal misconduct for filing a bad faith opposition. That same day, the Court granted plaintiff permission to reply but informed the parties that "[n]o additional filings w[ould] be considered" on the motion for reconsideration. When Ms. Finkelstein requested that the Court restrict access to docket entry 141, plaintiff accused her of violating the Court's June 19th order and the settlement agreement and requested she be censured. Finally,

> on June 30, 2015, plaintiff moved for Judge Pollak to recuse herself, accusing the magistrate judge of being biased in favor of defendant, Ms. Finkelstein, and Mr. Marzec, and citing this as another factor in support of plaintiff's motion for reconsideration.
>
> *Grezak v. Grezak*, No. 12 CV 4520 RJD CLP, (E.D.N.Y. July 10, 2015) (Doc. 147, at 1-5 (citations and footnotes omitted) (denying motion for reconsideration)).

After Judge Dearie denied her motion for reconsideration, Grezak appealed to the United States Court of Appeals for the Second Circuit, which affirmed the leave-to-file requirement. *Grezak v. Grezak*, No. 15-2490-CV, 2016 WL 6561479, at *2 (2d Cir. Nov. 4, 2016).

In the instant action, Grezak asserts that the various attorney and organizational Defendants involved in the New York actions deprived Grezak of her civil rights throughout the pendency of those proceedings, both individually and through a joint conspiracy. (Doc. 22, at 2-6). The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915(e)(2) to screen a complaint and dismiss it if it fails to state a claim upon which relief can be granted.

### II. SECTION 1915(E)(2) STANDARD

Under 28 U.S.C. § 1915, the Court is obligated, prior to service of process, to screen a civil complaint brought *in forma pauperis*. The Court must dismiss the complaint if it is frivolous or malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of

5

Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, a court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court of the United States held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### III. DISCUSSION

#### A. SECTION 1983 CLAIMS

Grezak asserts several violations of her civil rights brings pursuant to 42 U.S.C. § 1983. (Doc. 22, at 1-3). Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a § 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). The "under color of state law" element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). "As the 'under color of state law' requirement is part of the prima facie case for § 1983, the plaintiff bears the burden of proof on that issue." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

### 1. Grezak fails to establish LSC's personal involvement in constitutional wrongdoing

As a preliminary matter, the Court finds that Grezak adequately pleads that LSC is a state or federal actor.[2] "A person may be found to be a state actor when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (quotation omitted). "LSC is a non-profit government-funded corporation, created by the Legal Services Corporation Act of 1974 . . . , 42 U.S.C. § 2996 *et seq.,* 'for the purpose of providing financial support for legal assistance in

---

[2] In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized an implied private right of action for constitutional violations committed by federal actors, akin to § 1983's damages remedy with respect to constitutional violations committed by state actors.

noncriminal proceedings or matters to persons financially unable to afford legal assistance.'" *Velazquez v. Legal Servs. Corp.*, 164 F.3d 757, 759 (2d Cir. 1999) (quoting 42 U.S.C. § 2996b(a)), *aff'd*, 531 U.S. 533 (2001). LSC operates "by making and administering grants to hundreds of local organizations that in turn provide free legal assistance to between 1,000,000 and 2,000,000 indigent clients annually." *Velazquez*, 164 F.3d at 759. Grezak asserts that LSC is "an agency of the state [of New York] and [federal] government" that contracts with them to carry out the governmental objective of providing legal services to indigent people. (Doc. 22, at 2). There exists at least some caselaw supporting Grezak's proposition that LSC is a state actor or federal entity by nature of the government's funding and control over it. *See, e.g., Schneider v. Legal Servs. Corp.*, No. CIV. 08-5981 JBS, 2011 WL 53177, at *3 (D.N.J. Jan. 7, 2011) (acknowledging possibility that LSC may be a federal actor under *Bivens*); *see also Wilkinson v. Legal Servs. Corp.*, 27 F. Supp. 2d 32, 45 (D.D.C. 1998) ("[T]here is no question that LSC is a state actor for purposes of the Fifth Amendment's Due Process Clause."). At this stage of the proceedings, the Court concludes that Grezak alleges sufficient facts to satisfy the "under color of state law" pleading requirement with respect to LSC.

Even if LSC is a state or federal actor, however, Grezak's § 1983 claim against LSC still must fail because she has not alleged how LSC was personally involved in any alleged deprivation of her constitutional rights. Under § 1983, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and

9

acquiescence, however, must be made with appropriate particularity." *Rode,* 845 F.2d at 1207. Moreover, "[a] defendant . . . cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v.* McGreevey, 481 F.3d 187, 210 (3d Cir. 2007).

Here, Grezak's second amended complaint is devoid of specific factual allegations of LSC's involvement in the alleged constitutional deprivations. Indeed, Grezak merely states that LSC facilitated R&G's involvement in the suit as opposing counsel. (Doc. 22, at 2, 14). This does not automatically render LSC liable for any alleged constitutional violations committed by the R&G Defendants. *See Padilla v. Beard,* No. CIV. 1:CV–06–0478, 2006 WL 1410079, at *3 (M.D. Pa. May 18, 2006) ("[A]n allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability."). Moreover, although Grezak asserts that LSC failed to adequately train and supervise the R&G Defendants, her contentions constitute nothing more than conclusory allegations. The Third Circuit has noted that "'[t]here are two theories of supervisory liability,' one under which supervisors can be liable if they 'established and maintained a policy, practice or custom which directly caused [the] constitutional harm,' and another under which they can be liable if they 'participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010) (quoting *A.M. v. Luzerne Cnty. Juvenile Det. Ctr.,* 372 F.3d 572, 586 (3d Cir. 2004) (alterations in original)). Grezak does not establish that either of these theories are applicable to LSC. First, Grezak fails to identify a specific unconstitutional LSC policy, or even allege that LSC had policymaking authority. *See Chavarriaga v. New Jersey Dep't of Corr.*,

806 F.3d 210, 223 (3d Cir. 2015) ("Courts recognize that liability under § 1983 may be imposed on an official with *final policymaking authority* if that official establishes an unconstitutional policy that, when implemented, injures a plaintiff." (emphasis added)). Second, Grezak pleads no facts that could support a finding that LSC had either contemporaneous or prior knowledge of the R&G Defendants' alleged constitutional violations, as is required to establish "knowledge and acquiescence." *See Broadwater v. Fow,* 945 F. Supp. 2d 574, 588 (M.D. Pa. 2013) ("A failure to train only amounts to deliberate indifference 'where the need for more or different training is obvious' and the lack of training can be expected to result in constitutional violations." (quoting *Carter v. City of Phila.,* 181 F.3d 339, 357 (3d Cir. 1999)).

Because Grezak's claims against LSC, as currently stated, merely consist of assertions of *respondeat superior* liability, her § 1983 claims against LSC are dismissed without prejudice for failure to state a claim due to a lack of personal involvement.

### 2. Grezak fails to establish that the remaining Defendants are state actors

Grezak claims that all remaining Defendants are also state actors because their actions were "compelled and controlled" by the "coercive power of LSC." (Doc. 22, at 2). As noted above, a private individual may—under limited circumstances—be liable under § 1983 if his or her conduct is so closely related to governmental conduct that it can be fairly viewed as conduct of the state itself. *See Mark,* 51 F.3d at 1142–43 (detailing the various tests used to analyze whether private conduct may be treated as state action). However, none of the conduct that Grezak attributes to the non-LSC Defendants can fairly be viewed as state action. "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp.,*

*Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Shahin v. Darling*, 606 F. Supp. 2d 525, 540 (D. Del. 2009) ("The law firm defendants are not state actors, but rather law firms who represented a defendant in civil actions filed by plaintiff."), *aff'd*, 350 F. App'x 605 (3d Cir. 2009). Furthermore, the mere fact that LSC facilitated the appointment of the R&G Defendants to represent Grezak's daughter does not render them state actors, even if LSC itself is a government entity.[3] *See Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 542 (2001) ("The LSC lawyer . . . speaks on the behalf of his or her private, indigent client."); *Brown v. Tucci*, 960 F. Supp. 2d 544, 581 (W.D. Pa. 2013) ("Even where a private litigant is represented by an attorney employed by the government, the attorney's actions and representations are attributed to his or her client rather than to the employing governmental entity."); *cf. Polk Cnty. v. Dodson*, 454 U.S. 312, 321–22 (1981) (holding that a public defender does not act "under color of state law" because he "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control").

Accordingly, all § 1983 claims against the R&G Defendants, Marzec, Weinstock, and G&S are dismissed without prejudice for failure to state a claim because Grezak fails to establish that they are state actors.

B. SECTION 1985 CONSPIRACY CLAIMS

In addition to her § 1983 claims, Grezak also alleges that all Defendants partook in an unconstitutional conspiracy against her in violation of 42 U.S.C. § 1985. (Doc. 22, at 6).

---

[3] Grezak's claim that Marzec, Weinstock, and G&S are state actors is even more specious, as none of these Defendants appear to have any relationship with LSC whatsoever.

"Unlike its counterpart 42 U.S.C. § 1983, there is no requirement that the deprivation of rights [under § 1985] must occur under color of state law." *Ammlung v. City of Chester*, 355 F. Supp. 1300, 1305 (E.D. Pa. 1973), *aff'd*, 494 F.2d 811 (3d Cir. 1974). Specifically, Grezak alleges a conspiracy under § 1985(2) and (3). (Doc. 22, at 6). "Section 1985(2) provides a cause of action against those who conspire 'for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws.'" *Tarapchak v. Lackawanna Cnty.*, No. CV 15-2078, 2016 WL 1246051, at *7 (M.D. Pa. Mar. 24, 2016) (quoting 42 U.S.C. § 1985(2)). Section 1985(3) "permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting 42 U.S.C. § 1985(3)). To state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983). Under either subsection, though, a plaintiff "must allege 'some racial, *or perhaps otherwise class-based,* invidiously discriminatory animus behind the conspirators' action' in order to state a claim." *Farber*, 440 F.3d at 135 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)); *see also Tarapchak*, 2016 WL 1246051, at *7.

"[I]t is a longstanding rule in the Third Circuit that a mere general allegation or averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient to state a claim." *Deangelo v. Brady*, 185 F. App'x. 173, 175 (3d Cir. 2006) (not precedential). Thus, as noted in *Twombly*, "[w]ithout more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 556-57. Instead, "[t]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Coulter v. Ramsden*, 510 F. App'x 100, 103 (3d Cir. 2013) (not precedential). "A plaintiff must make specific factual allegations of combination or understanding among all, or any, of the defendants to plot, plan or conspire to carry out the alleged chain of events. Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose will be deemed sufficient." *Marchese v. Umstead*, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000) (quotations and citations omitted). Moreover, "[t]o constitute a conspiracy, there must be a 'meeting of the minds.'" *Startzell v. City of Phila., Pa.*, 533 F.3d 183, 205 (3rd Cir. 2008); *see also Twombly*, 550 U.S. at 556 (requiring "enough factual matter (taken as true) to suggest that an agreement was made"). In the case at bar, Grezak fails to allege non-conclusory, well-pled factual allegations that Defendants formed a conspiracy to deprive her of her rights as is needed to "raise [her] right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

This Court finds that the allegations in Grezak's second amended complaint and all reasonable inferences drawn therefrom fail to state a conspiracy claim. The instant pleading

lacks supporting allegations of an agreement among all Defendants, and does not provide a basis for alleging the participation of each Defendant. *See Deangelo*, 185 F. App'x at 175–76. As instructed by the Supreme Court in *Iqbal*, this Court sets aside Grezak's conclusory allegations that Defendants "work[ed] together on many occasions" and "jointly conspire[d] to obstruct justice." (Doc. 22, at 6); *see also Iqbal*, 556 U.S. at 679. Indeed, Grezak baldly "attempts to attribute every alleged misdeed of each Defendant to all Defendants, by alleging that they were all engaged in a conspiracy." *Estate of Oliva v. New Jersey*, 579 F. Supp. 2d 643, 678 (D.N.J. 2008), *aff'd sub nom. Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788 (3d Cir. 2010); *see also Flanagan v. Shively*, 783 F. Supp. 922, 933 (M.D. Pa. 1992) ("The amended complaint focuses on the conduct of only a few of the twenty-three defendants, and the allegations against them are insufficient to support a plaintiffs' claims of a far-flung conspiracy to deprive him of his constitutional rights."), *aff'd*, 980 F.2d 722 (3d Cir. 1992) (table). Grezak also "fail[s] to allege except in general terms the approximate time when the agreement was made, the specific parties to the agreement . . . , the period of the conspiracy, or the object of the conspiracy." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178–79 (3d Cir. 2010).

The limited specific factual averments in the second amended complaint simply do not support a finding of an agreement among all Defendants, as Grezak at most alleges parallel conduct. However, the Supreme Court in *Twombly* has noted that allegations of parallel conduct does not "nudge[ ] . . . claims across the line from conceivable from plausible" where there is an "obvious alternative explanation" for the parallel conduct and "no reason to infer that [Defendants] agreed among themselves to do what was only natural anyway . . . ." *Twombly*, 550 U.S. at 566-67, 570. Due to these pleading deficiencies,

Grezak's § 1985 conspiracy claims are dismissed without prejudice for failure to state a claim.

    C. MOTION TO SUPPLEMENT

In her most recent filing, Grezak moves to supplement her second amended complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. (Doc. 24, at 1). Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

"Because it refers to events that occurred after the . . . pleading was filed, a supplemental pleading differs from an amendment, which covers matters that occurred before the filing of the . . . pleading but were overlooked at the time." *Owens–Illinois, Inc. v. Lake Shore Land Co.,* 610 F.2d 1185, 1188 (3d Cir. 1979) *Owens-Illinois, Inc.*, 610 F.2d at 1188. Furthermore, whereas "[*a*]*mending* a pleading involves *entirely replacing the earlier pleading* with a new pleading . . . , . . . *supplementing* a pleading involves *merely adding* to the original pleading events occurring *subsequent* to the earlier pleading." *Francis ex rel. Estate of Francis v. Northumberland Cnty.*, 636 F. Supp. 2d 368, 383 n.26 (M.D. Pa. 2009) (emphasis in original). Thus, "[t]he purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *Coca-Cola Bottling Co. of Elizabethtown v. Coca-Cola Co.*, 668 F. Supp. 906, 922 (D. Del. 1987) (quoting *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,* 668 F.2d 1014, 1057 (9th Cir. 1981)).

Decisions regarding motions to amend and supplement pleadings—both governed under Federal Rule of Civil Procedure 15—are committed to a court's broad discretion. *See Owens-Illinois, Inc.*, 610 F.2d at 1188-89. That discretion is guided by a central principle of Rule 15, namely: that leave should be freely given when justice so requires. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded."). Consistent with Rule 15's liberal approach, "[l]eave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading." *Hassoun v. Cimmino,* 126 F.2d 353, 361 (D.N.J. 2000).

Here, Grezak seeks to supplement the operative second amended complaint by adding both new and old allegations. First, Grezak wishes to incorporate additional factual allegations that Defendants have made new attempts to interfere with her ongoing litigation in New York since she filed the instant pleading. (Doc. 24, at 1). These new allegations are relevant to the underlying claims against Defendants regarding alleged constitutional violations they committed earlier in the litigation. (Doc. 22, at 4-6; Doc. 24, at 1). Elsewhere in her motion to supplement, however, Grezak expresses a desire to "consolidate" claims from her earlier pleadings that she neglected to raise in the operative second amended complaint. (Doc. 24, at 2-3). This objective is inconsistent with Rule 15(d) because Grezak seeks to reassert claims based on facts that occurred ***prior*** to her filing the second amended complaint. *See Owens-Illinois, Inc.*, 610 F.2d at 1188. Accordingly, because Grezak's motion to supplement impermissibly seeks in part to reassert old claims, the motion (Doc. 24) is denied.

D. LEAVE TO AMEND

Despite concluding that Grezak's motion to supplement should be denied, the Court nonetheless liberally construes her filing as a motion for leave to file a third amended complaint. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013). The Court finds that permitting Grezak leave to amend her complaint once more would be advantageous to Grezak and an effective use of judicial resources because it would allow her to incorporate the old claims that she omitted in the current pleading and the new allegations of misconduct by Defendants during the New York litigation, both in the same filing. Furthermore, granting leave to amend here is consistent with Rule 15's core principle that leave should be freely given when justice so requires, as Grezak has not acted in bad faith and allowing her to file another amended complaint would not be prejudicial because the named Defendants have yet to be served. *See Foman*, 371 U.S. at 182. Permitting Grezak to file one, all-inclusive third amended complaint would also simplify the record and avoid any confusion stemming from Grezak's numerous pleadings and recent motion to supplement. This approach would also grant Grezak the opportunity to correct the pleading deficiencies with respect to her § 1983 and § 1985 claims. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Lastly, allowing Grezak to amend her pleading is consistent with the Court's broad discretion in managing its docket "to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.,* 377 U.S. 218, 227 (1964).

Accordingly, Grezak is directed to file a single, intelligible third amended complaint that is complete in all respects and sets forth factual allegations and legal claims in a manner that can be reviewed by the Court and answered by the Defendants. The proposed third

amended complaint must be a pleading that **stands by itself without reference to the original complaint**. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). Consequently, any previously-asserted causes of action that Grezak omits from the forthcoming amended complaint will be waived. Grezak's third amended complaint must also recite factual allegations sufficient to raise her claimed right to relief beyond the level of mere speculation; contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); set forth averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1); and state such averments in separately-numbered paragraphs describing the date and time of the events alleged and identifying wherever possible the specific participants in the acts about which she complains. *See Boyd v. New Jersey Dep't of Corr.*, 583 F. App'x 30, 32 (3d Cir. 2014) (not precedential), *cert. denied*, 135 S. Ct. 2374 (2015). In regard to her § 1983 claims, Grezak must aver facts indicating the personal involvement of each Defendant in the alleged wrongdoing, and a basis for finding that each Defendant acted under color of state law. *See Rode,* 845 F.2d at 1207. Furthermore, in regard to her § 1985 conspiracy claim, Grezak must allege specific facts to "address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Shearin v. E.F. Hutton Group, Inc.,* 885 F.2d 1162, 1166 (3d Cir. 1989), *abrogated on other grounds by Beck v. Prupis,* 529 U.S. 494, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000).

### IV. CONCLUSION

Accordingly, Grezak's federal law claims in her second amended complaint (Doc. 22) are dismissed without prejudice, her motion to supplement the second amended complaint (Doc. 24) is denied, and she is directed to file a comprehensive third amended

complaint within thirty (30) days following entry of this Memorandum and corresponding Order.

An appropriate Order follows.

**BY THE COURT:**

**Dated: December 5, 2016**                    *s/ Karoline Mehalchick*
                                               **KAROLINE MEHALCHICK**
                                               **United States Magistrate Judge**