

DIRECT DIAL NUMBER:
(215) 575-7143

James J. Rodgers
jrodgers@dilworthlaw.com

June 25, 2018

**VIA E-FILING**
Hon. Karoline Mehalchick
United States Magistrate Judge
United States District Court for the Middle District of Pennsylvania
William J. Nealon Federal Building and United States Courthouse
235 North Washington Avenue
Scranton, PA  18503

      RE:    *Grezak v. Ropes & Gray, LLP, et al.*, No. 15-cv-02111-MEM-KM

Dear Judge Mehalchick:

      I write on behalf of Ropes & Gray LLP ("R&G"), one of the defendants in the above-named action, and in response to *pro se* plaintiff Grazyna S. Grezak's ("Grezak" or "Plaintiff") "motion for permanent preliminary injunctions" against R&G.  Dkt. Nos. 200, 208.

      On May 16, 2018, this Court issued a Report and Recommendation ("R&R") that R&G's motion to dismiss Plaintiff's third amended complaint be granted, and that all claims against R&G be dismissed with prejudice.  Dkt. 184, at 36 (R&R).  This Court also recommended that "Plaintiff be denied any further leave to amend her complaint."  *Id.*  Judge Mannion has not yet decided whether to adopt the R&R.

      On May 30, 2018, after issuance of the R&R, Plaintiff moved for "permanent preliminary injunctions" against R&G to enjoin it from purportedly: (i) "violating Plaintiff's constitutional rights;" (ii) engaging in "prolonged discriminatory concerted acts interfering with the operation of State Courts;" (iii) being involved in "circumstances related to [the] fabrication of evidence in support of [the] Motion to Dismiss;" (iv) causing "[i]ntentional physical injury of Plaintiff;" and (v) committing "tortious actions and contacts against Plaintiff," although Plaintiff notably does not specify the nature of any of these alleged violations, actions or conduct.  Dkt. No. 208 (Br.) at 1-2 (all errors in original); *see* Dkt. No. 200 (Mot.).

A motion for a preliminary injunction is governed by Rule 65 of the Federal Rules of Civil Procedure and judged against "exacting legal standards." *Burton v. Wetzel*, 2017 WL 4284345, at *4 (M.D. Pa. Sept. 27, 2017). "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994). A preliminary injunction is an "extraordinary remedy" that cannot be granted unless Plaintiff, the moving party, can satisfy her burden of proof. *Burton*, 2017 WL 4284345, at *4.

It is clear that none of the four factors necessary for an injunction is satisfied here. First, there is no reasonable probability of success on the merits. To the extent that Plaintiff's allegations are the same as those alleged in her complaint, this Court has already recommended that the operative complaint be dismissed with prejudice. Second, there would be no irreparable harm to Plaintiff as a result of the denial of her motion. Plaintiff claims that "[s]he can die during pendency of this case from fatal heart attack caused by ongoing stress and fright of Defendant." Dkt. No. 208, at 3. The claim is manifestly without merit. Third, there is no factual or legal basis to grant an injunction against R&G based on Plaintiff's rambling and confusing statements. Lastly, no public interest is implicated here. Plaintiff claims that "[i]ssuance of the preliminary injunction here will serve the public[] interest in defending the integrity of Plaintiff's constitutional rights." *Id.* In other words, the public interest would allegedly be served by advancing Plaintiff's private interest. Such an argument does not support an injunction. *See, e.g., Continental Grp., Inc. v. Amoco Chem. Corp.*, 614 F.2d 351, 358 & n.12 (3d Cir. 1980) (explaining that the "adjudication of private controversies" does not implicate the public interest factor in the context of a preliminary injunction). Plaintiff simply cannot sustain her burden of showing that an injunction against R&G is "the only way of protecting [her]" from the incoherent and purported harms alleged in her brief. *Burton*, 2017 WL 4284345, at *4. Accordingly, Plaintiff's "motion for permanent preliminary injunctions" against R&G should be denied.

I am available if the Court has any questions.

Respectfully submitted,

James J. Rodgers
Dilworth Paxson LLP
1500 Market St. 3500E
Philadelphia, PA 19102
Tel: (215) 575-7000
Fax: (215) 575-7200

*Attorney for Defendant Ropes & Gray LLP*

Hon. Karoline Mehalchick
June 25, 2018
Page 3

cc:    Grazyna S. Grezak
       144 Wyndham Drive
       Cresco, PA 18326-7446
       Email: grace.grezak@gmail.com

       Richard O'Brien, Esq.
       Garbarini & Scher, P.C.
       432 Park Avenue South, 9th Floor
       New York, NY 10016-8013

       Darius A. Marzec, Esq.
       Morris J. Schlaf, Esq.
       Marzec Law Firm, PC
       776A Manhattan Avenue, Suite 104
       Brooklyn, NY 11222

       Aaron J. Marcus, Esq.
       New York State Office of the Attorney General
       44 Hawley Street, 17th Floor
       Binghamton, NY 13901

       Samuel S. Dalke, Esq.
       US Attorney's Office, Middle District of PA
       228 Walnut Street, Suite 220
       P.O. Box 11754
       Harrisburg, PA 17108