

DIRECT DIAL NUMBER:
(215) 575-7143

Dilworth
Paxson LLP

James J. Rodgers
jrodgers@dilworthlaw.com

August 7, 2018

**BY ECF**

Honorable Malachy E. Mannion
United States District Judge
United States District Court for the Middle District of Pennsylvania
William J. Nealon Federal Building and United States Courthouse
235 North Washington Avenue
Scranton, Pennsylvania 18503

Re:   *Grezak v. Ropes & Gray, LLP, et al.*, No. 15-cv-02111-MEM-KM

Dear Judge Mannion:

I write on behalf of Ropes & Gray LLP ("R&G"), one of the defendants in the above-named action, and in response to *pro se* plaintiff Grazyna S. Grezak's ("Grezak") "Affidavit of Grazyna Grezak in Support of Personal Jurisdiction Over Defendant Ropes & Gray, LLP" ("Affidavit"). Dkt. No. 267 (Aff.). R&G opposes Grezak's procedurally improper and substantively deficient attempt to establish personal jurisdiction over R&G in Pennsylvania.

1. *The Affidavit Should Be Stricken as Procedurally Improper*

As a threshold matter, the Affidavit should be stricken or disregarded. R&G's motion to dismiss (Dkt. No. 44 ("R&G's MTD")) was fully briefed on January 16, 2018, upon the filing of its reply. Dkt. No. 80. After a reply brief is filed, "[n]o further briefs may be filed without leave of Court." L.R. 7.7. The Court has not granted Grezak leave to file an additional brief, nor has it authorized Grezak to file a standalone affidavit "in Support of Personal Jurisdiction."

Moreover, R&G's MTD was one of a series of motions that was the subject of the Report & Recommendation (R&R) entered by Magistrate Judge Karoline Mehalchick on May 21, 2018 (Dkt. 184). This Court granted Grezak a generous extension of time to file an Objection to the R&R until June 29, 2018. On July 2, 2018, Grezak filed her Objection to the R&R (Dkt. No. 231), including specific references to the portions of the R&R addressing personal jurisdiction issues involving R&G and other defendants. There is no basis for the submission of what purports to be additional evidentiary material after an Objection to an R&R has been filed and the parties supporting the R&R have responded. Therefore, the Affidavit is procedurally improper, should not be considered and should be stricken from the record.

1500 Market Street • Suite 3500E • Philadelphia, PA 19102-2101 • 215-575-7000 • Fax: 215-575-7200
www.dilworthlaw.com • Cherry Hill, NJ • Harrisburg, PA • Wilmington, DE • New York, NY

120293352_1

Honorable Malachy E. Mannion
United States District Judge

### 2. *Grezak's Assertions Were Already Properly Rejected by This Court*

Even if the arguments presented in the Affidavit are considered, Grezak presents the same purported facts and makes the same assertions that she previously made in her oppositions to R&G's MTD, which Judge Mehalchick properly rejected. *See* Report and Recommendation, Dkt. No. 184, at 24 n.13 ("R&R").

For example, Grezak attaches as Exhibit A to her Affidavit the same communications between R&G and Grezak related to the settlement of Grezak's action in the Eastern District of New York that she previously attached to her Opposition to R&G's Motion to Dismiss. *See* Dkt. No. 77, at 4-6; Dkt. No. 267-1. After considering this same evidence, Judge Mehalchick properly concluded that these emails *"fail to identify any conduct that occurred in the state of Pennsylvania."* R&R, at 24 n.13 (emphasis added).

Similarly, Grezak attaches as Exhibit C to her Affidavit a series of purported transcriptions that she previously attached to her second Opposition to R&G's Motion to Dismiss. *See* Dkt. No. 86, at 12-13; Dkt. No. 267-3. Judge Mehalchick also properly rejected this evidence, noting that "it is unclear who left these messages, or where they were made and received," and "even when construed in Grezak's favor, the transcripts do not refer to any conduct in Pennsylvania, but rather reference Grezak's lawsuit in New York." R&R, at 24 n.13. Grezak's Affidavit does nothing to remedy these critical deficiencies.

### 3. *Grezak's Remaining Assertions in the Affidavit Do Not Establish Personal Jurisdiction*

The Affidavit does not establish personal jurisdiction over R&G in Pennsylvania. Grezak does not even attempt to address general jurisdiction for good reason. R&G is a Delaware LLP with its principal place of business in Boston, Massachusetts and no office in Pennsylvania. Dkt. No. 44-1, Hubbard Decl. ¶¶ 3-5.

As discussed above, the only purported evidence with any connection to R&G relates to communications deriving directly from litigation in the Eastern District of New York and New York State courts. *See* Dkt. Nos. 267-1 (Ex. A), 267-2 (Ex. B), 267-8 (Ex. H). Critically, the Affidavit fails to identify any conduct that occurred in the state of Pennsylvania. The evidence presented can be summarized as follows:

(1) Documents stemming from R&G's *pro bono* representation of Grezak's opponent in the Eastern District of New York litigation. Dkt. No. 267-1 (Ex. A) (settlement offer to resolve dispute in EDNY); 267-2 (Ex. B) (email related to discovery in the Eastern District of New York matter).

(2) A letter related to a lawsuit filed by Grezak against R&G in New York State court that was improperly served and voluntarily discontinued by Grezak. Dkt. No. 267-8 (Ex. H).

Honorable Malachy E. Mannion
United States District Judge

(3) Transcripts of purported text messages apparently between Grezak and her husband with no connection to R&G. Dkt. No. 267-3 (Ex. C).

(4) Documents appearing to stem from the Southern District of New York litigation, which did not involve R&G as a litigant or counsel to any litigant, and do not make any reference to R&G or Pennsylvania. Dkt. No. 267-4 (Ex. D) (paper apparently filed by Grezak in Southern District of New York matter against Grezak's medical professionals); 267-5 (Ex. E) (screenshot indicating an outgoing call purportedly from Grezak's phone); 267-6 (Ex. F) (apparent voicemail transcript of call from courtroom deputy of Magistrate Judge Freeman); 267-7 (Ex. G) (Order from District Judge Koeltl).

As noted in the R&R, Grezak has failed to allege "with reasonable particularity sufficient contacts between the [R&G] and the forum state.'" R&R, at 8 (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). As such, Grezak has failed to meet her burden of establishing personal jurisdiction over R&G in Pennsylvania. Grezak's Affidavit offers no additional specifics regarding any alleged contacts between R&G and Pennsylvania.

Furthermore, the assertions in Grezak's Affidavit regarding a supposed "Conspiracy" and "medical codes" (*e.g.*, Aff. at 2, ¶ 7) are entirely baseless, devoid of factual underpinnings, and unsupported by the attachments to the Affidavit.

### 4. *Grezak's Repeated Procedurally Improper and Baseless Filings Warrant a Leave-to-File Requirement*

For the reasons outlined above, Grezak's Affidavit is another instance of an unauthorized, baseless filing by Grezak, who has shown throughout the course of this litigation that, without the Court's intervention, she will continue to file a stream of improper, baseless filings. *See* Dkt. 142 at 4-5 (previously arguing Grezak's repeated filings support the imposition of a leave to file requirement against her); *see also Grezak v. Grezak*, 670 F. App'x 15, 16 (2d. Cir. 2016) (affirming imposition of a leave-to-file sanction against Grezak after repeated baseless filings). By way of example, during the period of the extension of time granted her to object to the R&R, Grezak filed at least nine motions for injunctions or to strike filings by defendants. That pattern of repetitive, baseless filings has continued unabated.

As a result, R&G respectfully requests that the Court exercise its power under the All Writs Act, 28 U.S.C. § 1651(a), and its inherent power and to require Grezak to show cause why she should not be enjoined, absent leave of Court, from (1) submitting further filings in this case; and (2) initiating further proceedings against R&G in this Court related to the facts and circumstances underlying the instant suit, including R&G's representation of Evelina Grezak. The R&R is now before this Court for consideration in light of Grezak's filed objection and the defendants' responses thereto. No additional motion practice at this time is necessary or appropriate.

Honorable Malachy E. Mannion
United States District Judge

Because "[t]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests," *In Re Sindram*, 498 U.S. 177, 179-80 (1991), the Court should impose this reasonable restriction on Grezak, as courts facing similar circumstances have done in the past. *E.g.*, *Danihel v. Office of the President*, 640 F. App'x 185, 189-91 (3d Cir. 2016); *Yuhasz v. Poritz*, 166 F. App'x 642, 649-50 (3d Cir. 2006); *Grezak*, 670 F. App'x at 16 (affirming imposition of similar leave-to-file sanction against Grezak); *Mina v. Chester County*, Nos. 15-05452, 16-01013, 2016 WL 4039651, at *6-7 (E.D. Pa. July 28, 2016).

I am available if the Court has any questions.

                                        Respectfully submitted,

                                        James J. Rodgers (PA ID#: 21635)
                                        Dilworth Paxson LLP
                                        1500 Market St. 3500E
                                        Philadelphia, PA 19102
                                        Tel: (215) 575-7000
                                        Fax: (215) 575-7200

                                        *Attorney for Defendant Ropes & Gray LLP*

cc:       Grazyna S. Grezak
           144 Wyndham Drive
           Cresco, PA 18326-7446
           Email: grace.grezak@gmail.com

           Richard O'Brien, Esquire
           Garbarini & Scher, P.C.
           432 Park Avenue South, 9th Floor
           New York, NY 10016-8013
           Email: robrien@garbarini-scher.com

           Darius A. Marzec, Esquire
           Morris J. Schlaf, Esquire
           Marzec Law Firm, PC
           776A Manhattan Avenue, Suite 104
           Brooklyn, NY 11222
           Email: dmarzec@MarzecLaw.com

120293352_1

-5-

Aaron J. Marcus, Esquire
New York State Office of the Attorney General
44 Hawley Street, 17th Floor
Binghamton, NY 13901
Email: aaron.marcus@ag.ny.gov

Samuel S. Dalke, Esquire
US Attorney's Office, Middle District of PA
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108
Email: samuel.s.dalke@usdoj.gov