# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRAZYNA GREZAK** : | |
| : | CIVIL ACTION NO. 3:15-2111 |
| **Plaintiff** : | |
| : | **(MANNION, D.J.)** |
| v. : | **(MEHALCHICK, M.J.)** |
| : | |
| **ROPES & GRAY LLP,** *et al.* : | |
| : | |
| **Defendants** : | |

## **MEMORANDUM**

Pending before the court is the May 16, 2018 Report and Recommendation ("Report") of U.S. Magistrate Judge Karoline Mehalchick. (Doc. 184). In her Report, Judge Mehalchick recommends that the pending motions to dismiss filed by four out of five named defendants be granted, that the plaintiff's claims against these defendants be dismissed with prejudice, and that the plaintiff's remaining motions against these defendants be denied as moot. (*Id.*). For the reasons set forth below, Judge Mehalchick's Report will be **ADOPTED IN ITS ENTIRETY**.

## I. BACKGROUND

In this *pro se* action for damages and injunctive relief, plaintiff Grazyna Grezak brings claims against the law firm of Ropes & Gray LLP; the law firm of Garbarini & Scher PC; the Mental Hygiene Legal Services Corporation

("MHLS"); Aisha Bams, who serves as a courtroom deputy clerk to the Chief Magistrate Judge for the Southern District of New York; and attorney Darius Marzec. (Doc. 27). The facts forming the basis of this action stem from ongoing litigation in New York's state and federal courts (the "New York Lawsuits"). (Doc. 184). In essence, Grezak asserts that these defendants conspired to deprive her of her constitutional rights throughout the pendency of the New York Lawsuits. (Doc. 27).

The New York Lawsuits, originally initiated by Grezak against her daughter and her daughter's mental healthcare providers, focused on the estranged familial relationship between Grezak and her daughter. (Doc. 184). These cases each involved the named defendants here in some capacity.[1] (*Id.*). Specifically, Ropes & Gray served as *pro bono* counsel for Grezak's daughter in proceedings initiated by Grezak in the Eastern and Southern

---

[1] While Grezak's filings in this action provide some background information regarding these external litigation efforts, other relevant details are omitted. In addition to the pleadings and briefs submitted in this case, the court also considers the judicial opinions and orders entered in these outside cases. *See, e.g.*, *Sklodowska-Grezak v. Stein*, 2017 WL 954606 (S.D.N.Y. Feb. 21, 2017); *Grezak v. Grezak*, 2016 WL 6561479 (2d Cir. Nov. 4, 2016); *Sklodowska-Grezak v. Stein*, 2015 WL 9413882 (S.D.N.Y. Dec. 22, 2015); *Grezak v. Grezak*, 2015 WL 13036707 (E.D.N.Y. July 10, 2015); *Grezak v. Grezak*, 2014 WL 4966140 (E.D.N.Y. Sept. 30, 2014). All of these cases constitute matters of public record of which the court may properly "take judicial notice" in ruling on a motion to dismiss. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Districts of New York. (*Id.*). Garbarini & Scher represented two mental health professionals who Grezak had sued in the Southern District of New York. (*Id.*). Marzec initially served as Grezak's attorney in proceedings initiated in the Eastern District of New York before withdrawing by mutual consent. (*Id.*). Bams served as a courtroom deputy clerk to the magistrate judge who oversaw one of Grezak's claims in the Southern District of New York. (*Id.*). Finally, MHLS represented Grezak's daughter in a guardianship proceeding in New York state court. (*Id.*). As the parties to the instant action are thoroughly familiar with Grezak's New York Lawsuits, the court need not further explain their legal or factual bases herein.

On November 3, 2015, Grezak filed her original complaint in this matter, along with a motion to proceed *in forma pauperis*. (Doc. 1; Doc. 2). Grezak subsequently filed an amended complaint as a matter of course under Fed. R. Civ. P. 15(a)(1). (Doc. 6). After voluntarily dismissing this case due to health-related concerns and then reopening it on May 15, 2016, Grezak was granted leave to file a second amended complaint. (Doc. 8; Doc. 10; Doc. 12; Doc. 13; Doc. 22). On December 5, 2016, pursuant to its statutory screening obligation under 28 U.S.C. §1915(e)(2), the court dismissed Grezak's federal law claims without prejudice and granted Grezak further leave to file a third amended complaint, which she did on January 5, 2017. (Doc. 25; Doc. 26; Doc. 27).

Grezak primarily alleges that the defendants conspired to "injure" her, "silence" her, and cause her to "secretly disappear" due to her pursuit of the New York Lawsuits. (Doc. 27). The legal bases for the instant action are derived from 42 U.S.C. §§1983 and 1985(3) in conjunction with a number of constitutional amendments. (*Id.*). In particular, Grezak claims that MHLS conducted secret *ex parte* communications with a New York state judge, interfered with Grezak's relationships with her husband and daughter in violation of the First Amendment, infringed upon her familial association rights in violation of the Fourteenth Amendment, and fabricated evidence regarding her mental health to facilitate mediation in one of the New York Lawsuits. (*Id.*). She claims that Garbarini & Scher violated her equal protection rights and conspired to influence the Southern District of New York proceedings through mediation. (*Id.*). Grezak further alleges that Ropes & Gray conspired with Marzec to deprive her of her right to interstate travel, violated her equal protection rights by conspiring against her as a woman belonging to racial and religious minorities, and violated her due process and freedom of speech rights by tampering with evidence and engaging in secret *ex parte* communications with a magistrate judge "to affect the outcome" of one of the New York Lawsuits. (*Id.*). Grezak submits that Bams conspired with Ropes & Gray to kidnap her and violated her Fourth Amendment privacy rights by

calling her Pennsylvania home to ascertain whether she would participate in a final pretrial conference for one of her ongoing New York Lawsuits. (*Id.*). In addition to the abovementioned federal law claims brought under 42 U.S.C. §§1983 and 1985(3), Grezak asserts a number of state common law claims against all defendants for defamation, assault, fraud, and intentional infliction of emotional distress. (*Id.*).

Four of the five defendants have filed separate motions to dismiss the instant action.[2] (Doc. 40; Doc. 41; Doc. 44; Doc. 70). Specifically, MHLS moves for dismissal of this action, alleging lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and alternatively moves to transfer this action to the Southern District of New York under 28 U.S.C. §1404(a). (Doc. 40). Garbarini & Scher moves for dismissal of this action based upon lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and improper venue under Fed. R. Civ. P. 12(b)(3). (Doc. 41). Ropes & Gray moves for dismissal of this action for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 44). Finally, Bams moves for dismissal of this action based upon sovereign immunity principles under the Eleventh Amendment, lack of personal jurisdiction under Fed. R.

---

[2] To date, Marzec is the only defendant without a motion to dismiss pending. Marzec has further failed to file any response to Grezak's third amended complaint. (Doc. 27).

Civ. P. 12(b)(2), and failure to state a claim under Fed. R. Civ. P. 12(b)(6), moving in the alternative to transfer this action to the Southern District of New York under 28 U.S.C. §1404(a). (Doc. 70). While Grezak thereafter filed a broad range of motions that remain pending before this court, the motions to dismiss, having been fully briefed, are now ripe for the court's disposition.[3]

## II. STANDARD OF REVIEW

When objections are timely filed to the Report of a magistrate judge, the district court reviews *de novo* those portions of the Report to which objections are made. *See* 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely

---

[3] To date, Grezak has filed the following fourteen motions: a motion for leave to file a brief in opposition and a fourth amended complaint, (Doc. 71); a motion for extension of time to file responses, briefs, and a fourth amended complaint, (Doc. 78); a motion to strike Ropes & Gray's affirmative defenses, (Doc. 93); a motion for leave to file a sur-reply brief, (Doc. 111); a motion for sanctions against MHLS, (Doc. 112); a motion for sanctions against Ropes & Gray, (Doc. 117); a motion for permanent pre-filing injunctions against Garbarini & Scher, (Doc. 121); a motion for sanctions against Garbarini & Scher, (Doc. 124); a motion for sanctions against Bams, (Doc. 129); a motion for Rule 11 sanctions against MHLS, (Doc. 130); a motion for Rule 11 sanctions against Ropes & Gray, (Doc. 138); a motion for Rule 11 sanctions against Bams, (Doc. 156); a motion for pre-filing injunctions against Ropes & Gray, (Doc. 180); and a motion to exclude Ropes & Gray from consideration by this court, (Doc. 181).

on the magistrate judge's recommendations to the extent it deems proper. *See Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the Report to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. *See also Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every Report)). Nonetheless, regardless of whether timely objections are made to the Report, the district court may accept, reject, or modify in whole or in part the magistrate judge's findings or recommendations. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

A court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. §1915(e)(2). The court must accept all factual allegations in the complaint as true and view them in the light most favorable to the *pro se* plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Since Grezak here proceeds *pro se*, her pleading is

liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**III. DISCUSSION**

**A. The Defendants' Arguments for Dismissal Alleging Lack of Subject Matter Jurisdiction**

Defendant MHLS asserts, among other submissions, that the court lacks subject matter jurisdiction over Grezak's claims against it due to Eleventh Amendment sovereign immunity principles. (Doc. 47; Doc. 60; Doc. 65; Doc. 73). "Under Fed. R. Civ. P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). The plaintiff bears the burden of establishing the existence of subject matter jurisdiction when challenged under Rule 12(b)(1). *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

As Judge Mehalchick aptly notes in her Report, states are generally immune from suit in federal court. (Doc. 184). Absent abrogation by Congress or waiver by the state, the Eleventh Amendment provides a jurisdictional bar,

prohibiting private federal litigation against the state and its constituent agencies or departments. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 81 (3d Cir. 2016) (noting that "[t]he Eleventh Amendment's protection . . . is not limited to the [s]tates alone, but rather extends to entities that function as arms of the [s]tate"). As a state-funded legal services agency under the direction of the New York State Office of Court Administration, MHLS is an "arm of the state" and thus is immune from being sued in this court. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). Neither the state of New York nor MHLS has waived sovereign immunity in this case, and the court is unaware of any act of Congress abrogating sovereign immunity. (Doc. 184). Moreover, the exception to Eleventh Amendment sovereign immunity articulated in *Ex Parte Young*, 209 U.S. 123 (1908), applies only to state officials who are sued in their individual capacities. *See, e.g.*, *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002). It has no applicability to suits against state administrative agencies, such as MHLS. (Doc. 184).

Grezak objects to Judge Mehalchick's Report largely by restating her arguments against dismissal of this action and by noting in a cursory fashion that Judge Mehalchick's recommendation on the sovereign immunity question

"should not be followed." (Doc. 231). In attempting to argue that she had intended to "sue MHLS as individual state officers, not a state agency," Grezak notes that she "was very sick while filing her [c]omplaint and was unable to search for the . . . names of employees involved in violation[s] of her rights in their personal capacities." (*Id.*). Notwithstanding this, Grezak further mentions that she "does not attempt to add any . . . additional defendants to her case against MHLS." (*Id.*).

Grezak's objections on this point, even when liberally construed, contain an obvious dearth of legal substance. (*Id.*). Nowhere does Grezak cite to any law or evidence supporting her conclusory assumptions, and she does nothing to directly address the recommendations presented in Judge Mehalchick's Report. (*Id.*). Moreover, the court is aware of no legal basis for circumventing Eleventh Amendment sovereign immunity principles due to the plaintiff's alleged illness while filing. As Judge Mehalchick indicated, Grezak has twice been granted leave to amend her complaint to cure its inherent pleading defects. (Doc. 15; Doc. 26; Doc. 184). The third iteration of Grezak's complaint, however, still failed to correct for these deficiencies. (Doc. 27).

Bams, on the other hand, serves as a courtroom deputy to the Chief Magistrate Judge for the Southern District of New York. (Doc. 184). Grezak claims that Bams attempted to "kidnap" her when Bams called Grezak on the

telephone to inform her of an upcoming final pretrial conference in one of the New York Lawsuits. (*Id.*). "The doctrine of quasi-judicial immunity has been applied to court personnel due to the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Wager v. York Cty. Domestic Relations*, 2010 WL 231129, at *8 (M.D. Pa. Jan. 14, 2010). Clerks of court are "absolutely immunized from a suit for damages for discretionary acts, and . . . court personnel are qualifiedly immunized for nondiscretionary acts such as entering orders and notifying parties." *Wallace v. Abell*, 318 F. App'x 96, 99 (3d Cir. 2009).

Grezak's objections here consist primarily of outright denials of Judge Mehalchick's recommendations without any evidence or legal analysis to support her assertions. (Doc. 231). Grezak states, for instance, that "Bams did not act within . . . her official capacity when she telephoned [the plaintiff] on August 30, 2016" and that "Bams [is] not afforded any . . . quasi-judicial immunity." (*Id.*). Without more, however, the court is unable to sustain these unsubstantiated objections. Even a liberal construction of Grezak's objections yields little more than a bundle of unintelligible jargon. (*Id.*). Coherent analysis is conspicuously absent from Grezak's objections. As such, the plaintiff's objections to Judge Mehalchick's Report on the question of subject matter

jurisdiction will be overruled, and the Report's recommendations on this issue will be adopted.

### B. The Defendants' Arguments for Dismissal Alleging Lack of Personal Jurisdiction

Defendants Ropes & Gray, Garbarini & Scher, and Bams each seek dismissal based upon lack of personal jurisdiction over them as defendants. (Doc. 60; Doc. 65; Doc. 73). Fed. R. Civ. P. 12(b)(2) authorizes defendants to move for the dismissal of a complaint due to lack of personal jurisdiction. When raised as a jurisdictional defense, the "plaintiff bears the burden of establishing [the court's] personal jurisdiction" over the moving defendant. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). The plaintiff can meet this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n.*, 819 F.2d 434, 437 (3d Cir. 1987)).

The forum state in this instance in Pennsylvania, and the applicable long-arm statute permits courts within Pennsylvania to exercise jurisdiction "to

the fullest extent allowed under the Constitution of the United States," which "may be based on the most minimum contact[s] . . . allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. §5322(b). As such, this court may properly exercise jurisdiction over the defendants so long as it does not violate said defendants' due process rights. *See Mellon Bank (East) PSFS, Nat'l Ass'n*, 960 F.2d at 1221.

"The two types of personal jurisdiction" that the court may exercise over non-resident defendants "are general jurisdiction and specific jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984)). General jurisdiction may be asserted when a non-resident defendant has maintained "systematic and continuous contacts with the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Thus, general jurisdiction requires that the defendant's contacts with the forum state are "of the sort that approximate physical presence." *William Rosenstein & Sons Co. v. BBI Produce, Inc.*, 123 F. Supp. 2d 268, 274 (M.D. Pa. 2000). Specific jurisdiction, on the other hand, "exists when the claim arises from or relates to [the defendant's] conduct purposely directed at the forum state." *Marten*, 499 F.3d at 296 (citing *Helicopteros Nacionales de Colombia*, 466 U.S. at 414-15).

Since Grezak has not alleged that the defendants are subject to general jurisdiction in the forum state, the court focuses its analysis on whether the exercise of specific jurisdiction over these defendants is constitutional. (Doc. 27). To determine whether specific jurisdiction over the defendants exists, the court undertakes a three-part inquiry: (1) whether the defendants "purposefully directed [their] activities" at the forum state, (2) whether the litigation "arise[s] out of or relate[s] to at least one of those activities," and (3) whether the circumstances of the case "ensure that exercising jurisdiction would be consistent with notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

In her Report, Judge Mehalchick correctly points out that Grezak has not met her burden of proving either how the defendants purposely availed themselves of Pennsylvania or how this litigation arose out of these defendants' contacts with Pennsylvania. (Doc. 184). To the contrary, Grezak relies on bare, conclusory allegations in this regard, and her claims in this litigation appear to arise solely from her frustrations over the outcome of the New York Lawsuits. (Doc. 27). The scant telephone calls, email messages, and mailed communications that these defendants delivered to Grezak while she resided in Pennsylvania were sent for the sole purpose of keeping Grezak abreast of progress and updates in the New York Lawsuits. (Doc. 184). As

Judge Mehalchick noted, these contacts, in and of themselves, are insufficient to confer specific jurisdiction over the moving defendants. (*Id.*).

Grezak objects to these findings by resorting to further unsubstantiated allegations of a malicious conspiracy perpetrated by the defendants. (Doc. 231). Apart from restating her arguments previously advanced in opposition to dismissal, Grezak uses her objections to Judge Mehalchick's Report to lodge additional accusations against the defendants, including assertions that Ropes & Gray and Garbarini & Scher "extremely harassed" her and "provided multiple false declarations" and "false information" to the court. (*Id.*). Grezak states in her objections that the defendants' alleged actions are "scandalous" and that the Report itself is "erroneous" and "should not be followed." (*Id.*). Each of these contentions remains unsupported by the evidence of record in this case, and Grezak provides no additional evidence to corroborate her claims. In light of this, the plaintiff's objections to Judge Mehalchick's Report on the question of personal jurisdiction will be overruled, and the Report's recommendations on this issue will be adopted.

**C. The Plaintiff's State Common Law Claims**

Judge Mehalchick's Report further indicates that where all claims arising under federal law have been dismissed and only state law claims remain, the

court may decline to exercise supplemental jurisdiction over the state law claims, as said claims properly belong in state court. (Doc. 184). Grezak does not appear to object to this finding directly, although she does note in passing that she "explained everything in her briefs," that "[t]he factual and legal errors are plain here," and that Judge Mehalchick "distorted . . . her perfectly [pled] briefs." (Doc. 231). Grezak further claims, without any supporting evidence, that she "is a victim of historically persuasive discrimination." (*Id.*).

Even adhering to a liberal construction of this *pro se* plaintiff's filings, the court remains unable to ascertain any legally sufficient objections to Judge Mehalchick's Report. (*Id.*). Grezak's assertions are conclusory at best and at times entirely incomprehensible. (*Id.*). She frequently resorts to unfounded allegations and neglects to back up her claims with tangible evidence. (*Id.*). As Grezak has advanced no cognizable basis for rejecting Judge Mehalchick's recommendations, the plaintiff's objections to Judge Mehalchick's Report regarding the disposition of the pending motions to dismiss will be overruled, and the Report's recommendations on these issues will be adopted.

**IV.   CONCLUSION**

In light of the foregoing, the plaintiff's objections to Judge Mehalchick's Report, (Doc. 231), will be **OVERRULED**; Judge Mehalchick's Report, (Doc.

184), will be **ADOPTED IN ITS ENTIRETY**; the motions to dismiss Grezak's third amended complaint filed by defendants Ropes & Gray, Garbarini & Scher, MHLS, and Bams, (Doc. 40, Doc. 41; Doc. 44; Doc. 70), will be **GRANTED**; the plaintiff's claims against defendants Ropes & Gray, Garbarini & Scher, MHLS, and Bams will be **DISMISSED WITH PREJUDICE**; the plaintiff's remaining motions against defendants Ropes & Gray, Garbarini & Scher, MHLS, and Bams, (Doc. 71; Doc. 78; Doc. 93; Doc. 111; Doc. 112; Doc. 117; Doc. 121; Doc. 124; Doc. 129; Doc. 130; Doc. 138; Doc. 156; Doc. 180; Doc. 181), will be **DENIED AS MOOT**; the Clerk of Court will be directed to **TERMINATE** defendants Ropes & Gray, Garbarini & Scher, MHLS, and Bams from the caption of this action; any further leave for the plaintiff to amend her complaint will be **DENIED**; and this matter will be **REMANDED** to Judge Mehalchick for further proceedings. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 7, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2111-01.docx