# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| GRAZYNA S. GREZAK | : | |
| --- | --- | --- |
| Plaintiff | : | CIVIL ACTION NO. 3:15-2111 |
| v. | : | (JUDGE MANNION) |
| ROPES & GRAY, LLP, et al. | : | |
| Defendant | : | |

## MEMORANDUM

Presently before the court is Magistrate Judge Karoline Mehalchick's report and recommendation ("Report") (Doc. 346), which recommends that defendant Darius A. Marzec's ("Marzec") motion to dismiss (Doc. 214) be granted and plaintiff Grazyna S. Grezak's ("Grezak") remaining twenty-five motions[1] be dismissed as moot. Based on the following, Judge Mehalchick's Report (Doc. 346) will be **ADOPTED IN ITS ENTIRETY**; Marzec's motion to dismiss (Doc. 214) will be **GRANTED**, and Grezak's remaining twenty-five motions[2] will be **DISMISSED AS MOOT**.

---

[1] (Doc. 189; Doc. 198; Doc. 199; Doc. 200; Doc. 201; Doc. 202; Doc. 215; Doc. 217; Doc. 220; Doc. 221; Doc. 222; Doc. 223; Doc. 238; Doc. 240; Doc. 242; Doc. 244; Doc. 254; Doc. 272; Doc. 297; Doc. 299; Doc. 301; Doc. 305; Doc. 321; Doc. 338; Doc. 343)

[2] *See supra* note 1.

## I. BACKGROUND

On May 16, 2018, Judge Mehalchick issued a Report (Doc. 184), which recommended that this court grant defendants Ropes & Gray LLP, Garbarini & Scher PC, the Mental Hygiene Legal Services Corporation, and Aisha Bams' (collectively "Terminated Defendants") motions to dismiss Grezak's third amended complaint (Doc. 27). That same day, Judge Mehalchick ordered Marzec to show cause as to why he failed to respond to Grezak's third amended complaint. (Doc. 183). On June 15, 2018, Marzec filed an affidavit (Doc. 213) indicating that he was never served with process. That same day, Marzec filed a motion to dismiss Grezak's third amended complaint for lack of personal jurisdiction, insufficient service of process, and for failure to state claim upon which relief can be granted. (Doc. 214).

On September 7, 2018, this court issued a memorandum (Doc. 324) and order (Doc. 325) adopting Judge Mehalchick's Report (Doc. 184) and granting Terminated Defendants' motions to dismiss Grezak's third amended complaint (Doc. 27). Thereafter, on October 10, 2018, Judge Mehalchick issued another Report (Doc. 346), which recommends that this court grant Marzec's motion to dismiss (Doc. 214) for lack of personal jurisdiction. On October 25, 2018, Grezak filed objections to Judge Mehalchick's Report. (Doc. 351). Additionally, Grezak improperly filed a reply brief on November

16, 2018, considering Marsec never filed a brief in opposition to Grezak's objections. Nevertheless, Marsec's motion to dismiss (Doc. 214) is now ripe for disposition.

## II. LEGAL STANDARD

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not,

the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

### III.   DISCUSSION

Although Marzec's motion to dismiss was not considered in this court's memorandum and opinion addressing Terminated Defendants' motions to dismiss; the contents of this court's previous memorandum (Doc. 324) are equally applicable herein.

> [Among other reasons, Marzec,] seek[s] dismissal based upon lack of personal jurisdiction . . . . [Fed.R.Civ.P.] 12(b)(2) authorizes defendants to move for the dismissal of a complaint due to lack of personal jurisdiction. When raised as a jurisdictional defense, the "plaintiff bears the burden of establishing [the court's] personal jurisdiction" over the moving defendant. The plaintiff can meet this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."
>
> The forum state in this instance [is] [sic] Pennsylvania, and the applicable long-arm statute permits courts within Pennsylvania to exercise jurisdiction "to the fullest extent allowed under the Constitution of the United States," which "may be based on the most minimum contact[s] . . . allowed under the Constitution of the United States." As such, this court may properly exercise jurisdiction over [Marzec] so long as it does not violate [Marzec's] due process rights.
>
> "The two types of personal jurisdiction" that the court may exercise over non-resident defendants "are general jurisdiction and specific jurisdiction." General jurisdiction may be asserted

when a non-resident defendant has maintained "systematic and continuous contacts with the forum state." Thus, general jurisdiction requires that the defendant's contacts with the forum state are "of the sort that approximate physical presence." Specific jurisdiction, on the other hand, "exists when the claim arises from or relates to [the defendant's] conduct purposely directed at the forum state."

Since Grezak has not alleged that [Marzec is] subject to general jurisdiction in the forum state, the court focuses its analysis on whether the exercise of specific jurisdiction over [Marzec] is constitutional. (Doc. 27) To determine whether specific jurisdiction over [Marzec] exists, the court undertakes a three-part inquiry: (1) whether [Marzec] "purposefully directed [his] activities at the forum state, (2) whether the litigation "arise[s] out of or relate[s] to at least one of those activities," and (3) whether the circumstances of the case "ensure that exercising jurisdiction would be consistent with notions of fair play and substantial justice."

In her Report, Judge Mehalchick correctly points out that Grezak has not met her burden of proving either how [Marzec] purposefully availed [himself] of Pennsylvania or how this litigation arose out of [Marzec's] contacts with Pennsylvania. [(Doc. 346)]. To the contrary, Grezak relies on bare, conclusory allegations in this regard, and her claims in this litigation appear to arise solely from her frustrations over the outcome of the New York Lawsuits.[3] (Doc. 27). The scant telephone calls, email messages, and mailed communications that [Marzec] delivered to Grezak while she resided in Pennsylvania were sent for the sole purpose of keeping Grezak abreast of progress and updates in the New York Lawsuits.[4] [(Doc. 346)]. As Judge Mehalchick noted, these contacts, in and of themselves, are insufficient to confer specific jurisdiction over [Marzec] [(Doc. 346)].

(Doc. 324, at 12-15) (citations omitted).

---

[3] *See* (Doc. 324, at note 1)
[4] *See supra* note 3.

Grezak objects to these findings by resorting to further unsubstantiated allegations of "monetary intentional extortion into the forum," as well as, "defamation" and other "tortious acts against [Grezak] in the forum." (Doc. 351, at 2). Nonetheless, in her Report, Judge Mehalchick successfully navigates Grezak's unclear objections and provides logically-sound explanations as to why Grezak has failed to establish this court's personal jurisdiction over Marzec and why further leave to amend should not be granted. (Doc. 346). Rather than continue quoting mountains of this court's prior legal analysis or Judge Mehalchick's Report, the court will adopt Judge Mehalchick's Report (Doc. 346) as the opinion of this court, as it appropriately concludes that Grezak's third amended complaint must be dismissed for lack of personal jurisdiction.

## IV. CONCLUSION

Based on the foregoing, Judge Mehalchick's Report (Doc. 346) will be **ADOPTED IN ITS ENTIRETY**; Marzec's motion to dismiss (Doc. 214) will be **GRANTED**, and Grezak's remaining motions will be **DISMISSED AS MOOT**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 11, 2019**
O:\MANNION\SHARED\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2111-02.DOCX